IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUSTIN ALLRED<br>　*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | CASE NO. 1:21-cv-824<br>JURY |
| GOLDLINE EXPRESS, INC. AND<br>MOHAMMED A. KARIM<br>　*Defendants* | §<br>§<br>§<br>§ | |

### DEFENDANT MOHAMMED A. KARIM'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

PLEASE TAKE NOTICE that Defendant, and MOHAMMED A. KARIM, hereby files this Notice of Removal of Action Under 28 U.S.C. § 1441(a) to remove to this Court the state court action described below:

#### BACKGROUND

1.　Plaintiff JUSTIN ALLRED, a citizen of Texas residing in Bexar County, Texas.[1]

2.　Defendant MOHAMMED A. KARIM is a citizen of California.

3.　Defendant GOLDLINE EXPRESS, INC. is incorporated in and has its primary place of business in California.

4.　On or about February 22, 2021, the state action was filed in the 407th Judicial District of Bexar County, Texas under Cause No. 2021CI03129; *Justin Allred v. Goldline Express, Inc.* Plaintiff later filed an amended petition on June 29, 2021, adding Mohammed A. Karim as a Defendant.[2]

---

[1] *See* Plaintiff's First Amended Original Petition, attached as Exhibit A.
[2] *See id.*

5.      Defendant Karim accepted service on September 15, 2021 and filed his Original Answer on that same date. Defendant Karim files this Notice of Removal within thirty days of Defendant Karim receiving notice of Plaintiff's state court proceeding, as required by 28 U.S.C. § 1446 (b).

6.      Plaintiff's First Amended Petition affirmatively asserts that he is seeking damages in excess of $1,000,000.[3] Therefore, Plaintiff is clearly seeking damages in excess of $75,000 as required for this Court to have jurisdiction.[4]

7.      Defendant has attached the required state court documents pursuant to 28 U.S.C. § 1446 (a).[5]

8.      As for venue, venue is proper in this District, the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1441 (a) and 28 U.S.C. § 1446 (a) because this District and Division embrace the place where the removed action is pending.

9.      Defendant Karim will promptly file a copy of this Notice of Removal with the Clerk of the state court where the action is pending. Defendant Karim made a demand for trial by jury in the state court action.

10.     Defendant Goldline Express, Inc. was served with notice of the state court action prior to Defendant Karim and has previously filed its answer in the state court proceeding. Defendant Goldline Express, Inc. consents to removal in this action.

### BASIS FOR REMOVAL

11.     The Federal Court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs,

---

[3] *See id.*
[4] *See* 28 U.S.C. § 1332 and § 1441.
[5] State Court Documents, attached as Exhibit B.

and is between... citizens of different States."[6]   As set forth, this Court has original jurisdiction over this civil action pursuant 28 U.S.C. § 1332 and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a) because:

    a.    It is a civil action between a citizen of a State (Texas) and a corporation of (both in incorporation and principal place of business) and citizen of a different State (Alabama); and

    b.    It is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.[7]

**A.**    **Diversity of Citizenship**

12.    A civil case filed in state court may be removed by the defendant to Federal Court if the case could have been brought originally in Federal Court.[8]   Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.[9]   Defendant was informed and believes that Plaintiff was at the time of filing this lawsuit, and still is, a citizen of the State of Texas.  Defendant Karim has citizenship in California.  Defendant Goldline Express is incorporated in and has its principal place of business in California.  Therefore, there is complete diversity of citizenship between Plaintiff and Defendants.

**B.**    **Amount in Controversy**

13.    Removal is proper when there is complete diversity of citizenship between the true parties to the lawsuit and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest.[10]

---

[6] 28 U.S.C. § 1332(a)(1); *see e.g., Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000).
[7] *See* Plaintiff's First Amended Petition attached as Exhibit B.
[8] 28 U.S.C. § 1332(a).
[9] 28 U.S.C. § 1332; *see e.g., Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996) (abrogated on other ground by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000) (overruling *Tapscott* on the issue of calculating the amount in controversy in class action suits).
[10] 28 U.S.C. § 1332(a).

13. In *De Aguilar v. Boeing Co.*,[11] the United States Fifth Circuit Court of Appeals held that when a defendant removes such a case, the defendant then has the burden to prove that the amount in controversy exceeds the jurisdictional amount.[12] The *De Aguilar* Court went on to hold that to remand to state court, the plaintiff must establish as a matter of law that, if successful, it would not be able to recover more than the jurisdictional amount.[13]

13. In determining whether the amount in controversy exceeds $75,000, courts must consider the full litany of damages that a plaintiff is seeking, including statutory and punitive damages.[14] Specifically, the court must consider penalties, statutory damages, and punitive damages in calculating the amount in controversy.[15]

16. As applied here, Defendant Karim can meet his burden to prove that the amount in controversy in this case exceeds the federal jurisdictional requirement of $75,000 based on the language of Plaintiff's Petition.[16] As discussed above, Plaintiff's First Amended Petition states he seeks monetary relief over $1,000,000.[17] Therefore, the evidence is sufficient for Defendant Karim to meet his burden to prove the amount in controversy removal requirement of $75,000.

## CONCLUSION

17. Based on diversity of citizenship and satisfaction of the amount in controversy requirement, removal to Federal Court is proper.[18] Plaintiff is a citizen of the State of Texas. Neither of the named Defendants are citizens of the State of Texas. Diversity of citizenship is clear from the pleadings and evidence.

---

[11] 47 F.3d 1404 (5th Cir.1995).
[12] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir.1995).
[13] *Id.*
[14] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–55 (5th Cir. 1998).
[15] *Id.*
[16] *See* Plaintiff's First Amended Petition attached as Exhibit B.
[17] *Id.*
[18] 28 U.S.C. § 1332(a); *Darden*, 200 F.3d at 755.

WHEREFORE PREMISES CONSIDERED, based on the Petitions, evidence and the diverse citizenships of the proper parties, this Court therefore has original jurisdiction of this action under 28 U.S.C. § 1332 and removal of the action to this Court is proper under 28 U.S.C. § 1441(a).

        Respectfully submitted,

GOLDMAN & PETERSON PLLC
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone:  (210) 340-9800
Telecopier:  (210) 340-9888
*E-Mail:      mail@ljglaw.com
**service by e-mail to this address only**

By:   */s/ Larry J. Goldman*
LARRY J. GOLDMAN
"Attorney in Charge"
Federal Bar No. 341
State Bar No. 08093450
Larry@ljglaw.com
PAUL J. CATALDO, JR.
Federal ID No. 24091701
State Bar No. 24091701
Paul@ljglaw.com

ATTORNEYS FOR DEFENDANT
MOHAMMED A. KARIM

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 16th day of September, 2021.

**Via E-Service**
Ms. Crystal M. Wright
THOMAS J. HENRY INJURY ATTORNEYS
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249

                */s/ Larry J. Goldman*
                LARRY J. GOLDMAN
                PAUL J. CATALDO, JR.