FILED
2/22/2021 9:45 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

2021CI03129

CIT PPS

W JD

CAUSE NO. _____

| | | |
|---|---|---|
| **JUSTIN ALLRED** | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 407th JUDICIAL DISTRICT |
| | § | |
| **GOLDLINE EXPRESS, INC.,** | § | |
| | § | |
| Defendants, | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES JUSTIN ALLRED**, hereinafter referred to by name or as Plaintiff, and complains of **GOLDLINE EXPRESS, INC.**, hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.  Plaintiffs intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.  Plaintiff **JUSTIN ALLRED** is an individual residing in Bexar County, Texas.

3.  Defendant **GOLDLINE EXPRESS, INC.** is a foreign corporation filed and incorporated under the laws of the State of California and can be served through its agent of service, Harpeet Kaur, at 3633 W. Persimmon Ln., Fresno, CA 93711.

**EXHIBIT B-1**

4.     Pursuant to Texas Rule of Civil Procedure 28, if any Defendant to this suit has been incorrectly named it is instructed to answer suit in its proper name.

### III.
### JURISDICTION & VENUE

5.     The Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of the Court. Additionally, the Court has jurisdiction over the parties because Defendants are Texas residents and/or do business in the State of Texas.

6.     Venue is proper in Bexar County in the cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of the lawsuit occurred in Bexar County, Texas.

### IV.
### MISNOMER

7.     In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, the Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

### V.
### FACTS

8.     On or about March 28, 2020, Plaintiff **JUSTIN ALLRED** was operating a 2009 blue Chevrolet Cobalt in a lawful manner traveling eastbound on the IH-10 eastbound frontage road at the NE Loop 410 cloverleaf near the Ackerman Road exit in Bexar County, Texas. Due to construction, Plaintiff was lawfully traveling in the only lane of the IH-10 eastbound frontage road. A driver for **GOLDLINE EXPRESS, INC.**, with a 2019 tractor trailer with the license

plate number of 4SC2708 and VIN of 1UYVS2533K2722117, was traveling in the NE Loop 410 cloverleaf and was merging onto the IH-10 eastbound frontage road. The driver for **GOLDLINE EXPRESS, INC.** had a yield sign before merging on the IH-10 eastbound frontage road. Instead of obeying the yield sign, the **GOLDLINE EXPRESS, INC.** driver, suddenly and without warning, drove through the yield sign and violently slammed into the lane that was occupied by **JUSTIN ALLRED**. **JUSTIN ALLRED** had to brake to avoid colliding with the **GOLDLNE EXPRESS, INC.** driver and ended up crashing into a barrier on the left side of the frontage road. Instead of stopping to exchange information with **JUSTIN ALLRED**, the driver, who was an employee of Defendant **GOLDLINE EXPRESS, INC.**, who was operating a 2019 tractor trailer with the license plate number of 4SC2708 and VIN of 1UYVS2533K2722117 fled the scene. As a result of the collision, Plaintiff **JUSTIN ALLRED** sustained injuries to his body, as more fully set forth below.

9. The above-referenced acts and/or omissions by the Defendants constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

## VI.
## CAUSES OF ACTION – GOLDLINE EXPRESS, INC.

A. *RESPONDEAT SUPERIOR*

10. At all times material hereto, all of the agents, servants, and/or employees for Defendant, who were connected with the occurrence made the subject of this suit, were acting within the

course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant is further liable for the negligent acts and omissions of their employees under the doctrine of *Respondeat Superior*.

11. Each and all of the foregoing acts and or omissions of the agents, servants, and/or employees for Defendant were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

**B. NEGLIGENT ENTRUSTMENT**

12. Defendant **GOLDLINE EXPRESS, INC.** was independently negligent by negligently entrusting its vehicle to the driver of its 2019 tractor trailer with the license plate number of 4SC2708 and VIN of 1UYVS2533K2722117 that caused the crash involving the Plaintiff on March 28, 2020, when they knew or should have known that Defendant's driver was an unlicensed, incompetent or reckless driver.

13. Furthermore, **GOLDLINE EXPRESS, INC.'s** driver of its 2019 tractor trailer with the license plate number of 4SC2708 and VIN of 1UYVS2533K2722117 that caused the crash involving the Plaintiff on March 28, 2020, was liable for causing the collision made the basis of this lawsuit and the negligence of the driver of **GOLDLINE EXPRESS, INC.'s** 2019 tractor trailer with the license plate number of 4SC2708 and VIN of 1UYVS2533K2722117 that caused the crash involving the Plaintiff on March 28, 2020, was the proximate cause of Plaintiff **JUSTIN ALLRED'S** injuries.

**C. NEGLIGENT HIRING/ RETENTION/TRAINING**

**EXHIBIT B-1**

14. Defendant **GOLDLINE EXPRESS, INC.** was also independently negligent in on or more of the following respects:

   a. negligent hiring;

   b. negligent driver qualifications;

   c. negligent training

   d. negligent supervision and monitoring of **GOLDLINE EXPRESS, INC.'s** driver of its 2019 tractor trailer with the license plate number of 4SC2708 and VIN of 1UYVS2533K2722117 that caused the crash involving the Plaintiff on March 28, 2020;

   e. negligent retention;

   f. negligent contracting;

   g. negligent maintenance;

   h. Defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred;

15. Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future if not for the remainder of their natural lives.

### D. GROSS NEGLIGENCE

16. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiffs or others similarly situated.

**EXHIBIT B-1**

17. The acts and/or omissions by Defendant outlined in Paragraphs 10, 12, and 14 constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.

18. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

## VIII.
## DAMAGES

19. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff **JUSTIN ALLRED** suffered severe bodily injuries to his neck, back, head shoulders, arms, elbows, wrists, legs, and other parts of his body generally. Plaintiff's entire body was bruised, battered and contused and he suffered great shock to his entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life. As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in the manner for a long time into the future, if not for the balance of his natural life.

20. As a further result of all of the above, Plaintiff **JUSTIN ALLRED** has incurred expenses for his medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable

**EXHIBIT B-1**

and were the usual and customary charges made for such services in the County where they were incurred.

21. As a further result of the injuries sustained by the Plaintiffs, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

22. As a consequence of the injuries sustained in the occurrence, Plaintiff **JUSTIN ALLRED** has lost the power to move from place to place. In all reasonable probability, the disability will cause him to suffer long into the future, if not for the balance of his natural life, all to the damage in an amount that is within the jurisdictional limits of the Court for which he now sues.

23. Plaintiff **JUSTIN ALLRED** has also suffered losses and damages to his personal property, including but not limited to damage to his vehicle for which he has never been compensated.

24. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court for which she now sues.

25. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff **JUSTIN ALLRED** seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which **PLAINTIFF** deems himself justly entitled at the time of filing the suit, which, with the passage of time, may change.

## IX.
## EXEMPLARY DAMAGES

26. The above-referenced acts and/or omissions by the Defendants constitute malice as that term is defined in Section 41.001(7)(B) TEXAS CIVIL PRACTICE AND REMEDIES CODE.

Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and the Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

27. The Defendants' acts or omissions described above, when viewed from the standpoint of the Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to the Plaintiff and others.

28. The Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiff and others.

29. Therefore, for such malice on behalf of the Defendants, the Plaintiff sues for exemplary damages in an amount to be determined at trial.

## X.
## INTEREST

30. Plaintiff further requests both pre-judgment and post-judgment interest on all their damages as allowed by law.

## XI.
## DEMAND FOR JURY TRIAL

31. Plaintiff **JUSTIN ALLRED** demand a trial by jury. Plaintiffs acknowledges payment the date of the required jury fee

**EXHIBIT B-1**

## XII.
## NOTICE OF SELF-AUTHENTICATION

32. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff receive judgment against Defendants in an amount within the jurisdictional limits of the Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Pre-judgment interest;
12. Post-judgment interest
13. Property Damage;
14. Loss of Use; and
15. Exemplary damages;

[signature on following page]

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By: *Scott Walther*
Scott Walther
State Bar No. 24096091
*email: swalther-svc@thomasjhenrylaw.com
  * **service by email to this address only**
  **ATTORNEYS FOR PLAINTIFF**

**EXHIBIT B-1**